**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)                                         *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BARRY THORNTON,** | : | |
| **6916 Ruskin Lane** | : | |
| **Upper Darby, PA 19082** | : | |
|         **Plaintiff,** | : | _____ Term 20\_\_\_ |
| | : | |
| v. | : | No. |
| | : | |
| **MID-AMERICA MANAGEMENT** | : | |
| **CORPORATION,** | : | |
| **609 Cedar Avenue** | : | |
| **Yeadon, PA 19050** | : | |
| | : | |
| **3333 Richmond Road, Suite 350** | : | |
| **Beachwood, OH 44122** | : | **Complaint and Jury Demand** |
|         **Defendant.** | : | |
| | : | |

## CIVIL ACTION

This complaint is brought pursuant to Section 1983 and the Pennsylvania Criminal History Records Information Act (the "Act") at 18 P.S. §§ 9101 *et. seq.* for damages resulting from improper failure to hire due to criminal history.

## PARTIES

1. Plaintiff Barry Thornton (hereinafter, "Plaintiff") is an African American adult individual residing at the above captioned address.

2. Defendant Mid-America Management Corporation (hereinafter, "Defendant") is a property management company with a location at 609 Cedar Avenue, Yeadon, PA 19050 and a corporate headquarters located at 3333 Richmond Road, Suite 350, Beachwood, OH 44122.

3. Upon information and belief, Defendant is a privately owned company.

## JURISDICTION AND VENUE

4. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

5. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

6. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

7. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## FACTUAL SUMMARY

8. Plaintiff incorporates the preceding paragraphs as if set forth at length herein.

9. In or around early June 2022, Plaintiff applied for the position of Maintenance Technician at Defendant.

10. Plaintiff was well qualified for this position.

11. On June 7, 2022, Maureen Mason, Director of Human Resources, scheduled an interview for Plaintiff at Defendant on June 10, 2022.

12. On June 10, 2022, Plaintiff went to Defendant for his scheduled interview.

13. Plaintiff was interviewed by May Hudson, Property Manager, and LaMont Humphrey, Maintenance Supervisor.

14. During the interview, Ms. Hudson inquired if Plaintiff has a criminal background.

15. Plaintiff answered honestly, and informed Ms. Hudson and Mr. Humphrey of his criminal background and that he was currently on probation.

16. Defendant did not ask Plaintiff if he had a criminal background on his application paperwork.

17. At the conclusion of the interview, Ms. Hudson informed Plaintiff that she would send his information to Defendant's corporate office and that it would contact him.

18. However, shortly after Plaintiff left the interview, he received an email from Ms. Hudson to Ms. Mason stating that Plaintiff has a criminal background and is currently on probation, as a result "[w]e will not be able to hire him."

19. Shortly afterwards, Defendant notified Plaintiff that it would not hire him for the position of Maintenance Technician.

20. Plaintiff's criminal background does not affect his suitability for his employment at Defendant.

21. Upon information and believe, Defendant hired Caucasian employees with a criminal background.

## COUNT I – RACE DISCRIMINATION
## SECTION 1983

22. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

23. Plaintiff is African American.

24. Plaintiff was well qualified to perform the job for which he applied to.

25. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

26. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

27. Defendant discriminated against Plaintiff on the basis of race.

28. No legitimate, non-discriminatory reasons exist for the above cited adverse employment action that Plaintiff suffered.

29. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – VIOLATION OF PENNSYLVANIA'S CRIMINAL HISTORY RECORD INFORMATION ACT

30. Plaintiff incorporates the preceding paragraphs as if the same were set forth herein.

31. Pennsylvania's Criminal History Record Information Act ("CHRIA" or the "Act") prohibits employers from denying employment to individuals based on a criminal

conviction that does not relate to the individual's suitability for the position at issue. See 18 Pa. C.S.A. § 9125(b).

32. The Act also requires employers to notify applicants in writing if the decision not to hire the applicant is based in whole or in part on criminal history record information. See 18 Pa. C.S.A. § 9125(c).

33. 18 P.S. §9125(a) provides that: "Whenever an employer is in receipt of information which is part of an employment applicant's criminal history record information file, it may use that information for the purpose of deciding whether or not to hire the applicant, only in accordance with this section."

34. 18 P.S. §9125(b) states that: "Felony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied."

35. In the instant case, Defendants denied Plaintiff employment based on Plaintiff's criminal conviction that in no way relate to his suitability for the position at issue.

36. Defendants denied Plaintiff employment on the basis of his conviction despite their total lack of relation to Plaintiff's suitability for employment, in violation of the Act.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Barry Thornton, requests that the Court grant him the following relief against Defendants:

(a)   Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct Section 1983 and the CHRIA violations.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

                            Respectfully submitted,

                            **KOLLER LAW LLC**

Dated: August 19, 2022       BY:    ***/s/ David M. Koller***
                                            David M. Koller, Esquire (90119)
                                            Jordan D. Santo, Esquire (320573)
                                            2043 Locust St. Ste. 1B
                                            Philadelphia, PA 19103
                                            P: (215) 545-8917
                                            F: (215) 575-0826
                                            davidk@kollerlawfirm.com
                                            jordans@kollerlawfirm.com